UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATHILDA HUGHES                                             CIVIL ACTION

VERSUS                                                      NO. 10-1551

MICHAEL J. ASTRUE, COMMISSIONER                             SECTION "F" (3)
SOCIAL SECURITY ADMINISTRATION

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("SSA") and supplemental security income under Title XVI of the SSA. The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that the plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the SSA on November 14, 2007, alleging a period of disability since April 18, 2007. [Adm. Rec. at 77-84]. Plaintiff later amended her onset date to March 1, 2007. [*Id.* at 153]. On January 16, 2008, plaintiff's applications were denied at the initial level. [*Id.* at 44-51]. On January 24, 2008, plaintiff timely requested an administrative hearing. [*Id.* at 52-3].

On January 13, 2009, the Administrative Law Judge ("ALJ") held a hearing. [*Id.* at 17-39]. On April 29, 2009, the ALJ rendered an opinion in which she found plaintiff not disabled during the period from April 18, 2001 through the date of her decision. [*Id.* at 6-16].

On May 12, 2009, plaintiff timely filed a request for review. [*Id.* at 5]. On April 16, 2010, the Appeals Council denied plaintiff's request for review. [*Id.* at 1-3]. Plaintiff then filed this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner.

At the time of her oral hearing, plaintiff was 43 years old with a high school education and past relevant work as a pizza maker and waitress. [Adm. Rec. at 9]. Plaintiff testified that she is unable to work full-time because she has to "move too much." [*Id.* at 33]. She testified that she can sit comfortably for ten minutes, stand for ten to 15 minutes and that she must lie down for approximately two hours each day. [*Id.* at 26, 31].

A vocational expert ("VE"), Patricia Knight, also testified at the hearing. The VE testified that plaintiff's past relevant work as a pizza maker is medium in exertion and semi-skilled with a specific vocational preparation ("SVP") of 5; that her work as a waitress is classified as light work, semi-skilled with an SVP of 4; that her work in food preparation services and as a cashier is classified as light work, unskilled with an SVP of 2; and that her work as a hospital housekeeper is medium work, unskilled with an SVP of 2. [*Id.* at 35]. The VE also testified that plaintiff has no transferable skills for any sedentary jobs. [*Id.* at 36-7].

At the hearing, the ALJ proposed a hypothetical for "light" work with an alternate sit/stand requirement every 20-30 minutes:

> If I ask you to assume a hypothetical individual the same age, education and work

2

> experience of the claimant, who is limited to light work as that is defined in the Social Security regulations with further limitations in that she can only occasionally climb, balance, stoop, kneel, crouch and crawl. And needs to alternate between sitting and standing every 20 to 30 minutes. Could that person perform any of the claimant's past work activity?

[*Id.* at 35]. The VE testified that the hypothetical would preclude all of plaintiff's past jobs due to the alternating stand/sit requirement. [*Id.* at 35-6]. The VE also stated that no light jobs existed that would allow the alternating sit/stand requirement but that sedentary jobs existed. [*Id.* at 36]. The VE identified three such sedentary jobs:

> Such an individual would be able to perform surveillance system monitor positions, in Louisiana 147 and in the United States 761[.] I would apply [a] 40 percent reduction because of the alternate sitting and standing. Cashier positions, in Louisiana 12,554, in the United States 55,644. And I would apply the 40 percent reduction. Telemarketer, in Louisiana 2,868 and in the United States 29,286. I would apply the 40 percent reduction.

[*Id.*]. The VE testified that employment as a surveillance systems monitor is unskilled, and employment as a cashier or telemarketer is semi-skilled. [*Id.* at 37]. On cross-examination, the VE acknowledged that the alternating sit/stand requirement would substantially erode the occupational base for unskilled sedentary work. [*Id.*].

The ALJ found plaintiff not disabled because she has the RFC "to perform a limited range of sedentary work with occasional stair climbing, balancing, stooping, kneeling, crouching, and crawling, allowance for alternation between sitting and standing on a 20 to 30 minute basis, and avoidance of all exposure to work hazards such as unprotected heights and dangerous machinery." [*Id.* at 15]. The ALJ ultimately concluded that plaintiff had semi-skilled and unskilled work experience and could perform the jobs of a surveillance system monitor, cashier, and telemarketer.

3

[*Id.*].  The ALJ based this conclusion on the VE's testimony, finding that there are approximately 33,392 positions as a cashier nationally and 7,532 locally and 17,751 positions as a telemarketer nationally and 1,720 locally. [*Id.* at 14].  These numbers include the 40 per cent reduction.

## II.  STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991). If the Commissioner's findings are supported by substantial evidence, this Court must affirm them. *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel,* 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other

conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 113 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive. *Ripley*, 67 F.3d at 555. Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant, such as the plaintiff, is considered disabled only if her physical or mental impairment is so severe that she is unable to do not only her previous work, but cannot, considering her age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which she lives, whether a specific job vacancy exists, or whether she would be hired if she applied for work. 42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability. 20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901 t - 416.988 (1995). The regulations include a five-step evaluation process for determining whether an impairment prevents

a person from engaging in any substantial gainful activity. *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir.2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 239 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make his disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence."  *Id.*

## IV.     ISSUES ON APPEAL

There is one issue on appeal:

(1)     Whether, given plaintiff's residual functional capacity ("RFC") and her age, education and work experience, the ALJ erred when she found plaintiff not disabled.

## V.     ANALYSIS

**1.     Whether, given plaintiff's residual functional capacity ("RFC") and her age, education and work experience, the ALJ erred when she found plaintiff not disabled.**

Plaintiff argues that the ALJ erred when she determined that plaintiff is not disabled under Step V of the five-part test in that defendant failed to carry its burden to establish that the claimant has the RFC, given her age, education, and past work experience, to perform other work available in the national economy.  *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995).  Plaintiff contends that the jobs as a cashier and telemarketer are entirely irrelevant because both are semi-skilled sedentary jobs, and plaintiff has no transferable skills.  Plaintiff argues that the job as a surveillance systems monitor, with only 457 positions nationally, is not "available in the national economy."[1]  To meet its burden, plaintiff argues that defendant must have identified unskilled

---

[1]     Defendant does not dispute this.

7

sedentary jobs in significant numbers within plaintiff's RFC.

The Court finds that plaintiff's arguments lack merit. The Court finds that substantial evidence supports the ALJ's finding that plaintiff is not disabled within the meaning of the SSA and its implementing regulations. Social Security Ruling ("SSR") 96-9p provides that defendant may find an individual not disabled if the individual has transferable skills *or education* that provides for direct entry into skilled sedentary work. SSR96-9p. The ruling provides that

> a finding that an individual has the ability to do less than a full range of sedentary work does not necessarily equate with a decision of "disabled." If the performance of past relevant work is precluded by an RFC for less than the full rang of sedentary work, consideration must still be given to whether there is other work in the national economy that the individual is able to do, considering age, education, and work experience.

SSR 96-9p.

The regulations also provide:

> High school education and above. High school education and above means abilities in reasoning, arithmetic, and language skills acquired through formal schooling at a 12th grade level or above. We generally consider that someone with these educational abilities can do semi-skilled through skilled work.

20 C.F.R. § 404.1564(b)(1)(4), and

> [w]ork experience means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do.

*Id.* § 404.1565(a). In addition, the regulations state that

> the inability to perform a full range of sedentary work does not necessarily equate with a finding of "disabled." Whether an individual will be able to make an adjustment to other work requires an adjudicative assessment of factors such as the type and extent of the individual's limitations or restrictions and the extent of the erosion of the occupational base. It requires an individualized determination that

> considers the impact of the limitations or restrictions on the number of sedentary, unskilled occupations or the total number of jobs to which the individual may be able to adjust, considering his or her age, education and work experience, including any transferable skills *or education* providing for direct entry into skilled work.

20 C.F.R. Pt. 404, Subpt. P. Appx. 2, Section 201.00(h)(1)(3) (emphasis added).

A review of SSR 96-9p and the regulations reveals that the ALJ did not err when she found plaintiff not disabled by concluding that plaintiff has the RFC, given her age, education and past work performance, to perform semi-skilled jobs like that of a cashier or telemarketer. [Adm. Rec. at 15]. Having reviewed plaintiff's medical evaluations, the ALJ concluded that the credible evidence supported a finding that plaintiff has the RFC to perform a limited range of sedentary work. [*Id.* at 13]. While the ALJ recognizes that plaintiff does not have the ability to perform past relevant work and has no transferable skills, the ALJ concluded that plaintiff has some semi-skilled work experience. [*Id.* at 14]. Because plaintiff had experience in semi-skilled work, the regulations provide that the ALJ may determine – which she did – that plaintiff may be expected to perform such work in the future. 20 C.F.R. § 404.1565(a). Plaintiff has cited this Court to no law – and this Court has found none – that would restrict the ALJ's consideration of future work to only unskilled sedentary labor.

The regulations permit the ALJ to rely on plaintiff's age (43), high-school education and past work experience to find that plaintiff has the RFC to perform semi-skilled sedentary work. As noted above, the regulations provide that the ALJ may conclude that plaintiff has the capacity to perform semi-skilled work based on her past work experience. In addition, the regulations permit the ALJ to conclude – which she did – that plaintiff's high-school education allows her to perform semi-

skilled to skilled labor. *Id.* § 404.1564(b)(1).

The Court recognizes that SSR96-9p generally supports the argument that the alternating sit/stand requirement erodes further the number of jobs in the national economy. But the VE – and the ALJ, who deemed credible the VE's testimony – took this into consideration when she reduced the number of cashier, telemarketer and surveillance systems operator jobs by 40 per cent. [Adm. Rec. at 36]. The ALJ found credible the number of national jobs as a cashier, telemarketer and surveillance systems monitor [*id.* at 14], and plaintiff has produced no evidence to undermine the ALJ's finding.

Plaintiff argues that under the facts of this case, the ALJ erred in finding plaintiff not disabled. But, as noted above, a district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey,* 230 F.3d at 135; *Ripley*, 67 F.3d at 555; *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas*, 503 U.S. at 113. Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Carey,* 230 F.3d at 135. The Court finds that substantial evidence supports the ALJ's conclusions, and this Court is not entitled to substitute its own review of the facts for that of the ALJ.

**VI.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that the plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's Cross-Motion be GRANTED and that plaintiff's complaint be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 20th day of April, 2011.

                                          **DANIEL E. KNOWLES, III**
                                          **UNITED STATES MAGISTRATE JUDGE**